STATE v. S. G. BRADSHAW.

(Filed 1 November, 1922.)

**Intoxicating Liquor—Spirituous Liquor—Statutes—Evidence—Possession —Criminal Law.**

> Evidence that half a gallon of whiskey, in a fruit jar, and one pint thereof, in a bottle, were found concealed in defendant's overcoat, hanging in his store, and of his breaking the jug and bottle in the officer's presence, and saying, "Damn it, if I can't drink it, I guess you won't get to drink it either," is sufficient to sustain a verdict that the defendant was guilty of receiving more than one quart of spirituous liquor at one time, or in a single container or package, as prohibited by C. S., 3385.

APPEAL by defendant from *Kerr, J.,* at the June Term, 1922, of ALAMANCE.

Criminal prosecution, tried upon an indictment charging the defendant with receiving more than one quart of spirituous liquors at one time, or in a single package, in violation of C. S., 3385.

From an adverse verdict and judgment thereon, the defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*No counsel for defendant.*

STACY, J.   The only exception presented for our consideration is the one directed to his Honor's refusal to grant the defendant's motion for judgment as of nonsuit.

It appears from the State's evidence—there was none offered by the defendant—that Sheriff Story and his deputy, while searching the premises of the defendant on 22 February, 1922, found one pint of corn whiskey in the pocket of an overcoat, hanging on the wall of defendant's store, and one-half gallon of corn whiskey in a fruit jar which was tied in the sleeve of the overcoat.   The defendant admitted that the overcoat belonged to him.   The officers also found in defendant's store a number of fruit jars which had the odor of whiskey about them.   Soon after the witnesses had found the whiskey and set it on the counter, the defendant broke both vessels, remarking at the time: "Damn it, if I can't drink it, I guess you won't get to drink it either."

This evidence was amply sufficient to warrant the jury in finding, as they did, that the defendant had received more than one quart of spirituous liquors at one time, or in a single container or package, as prohibited by C. S., 3385.   The evidence here is fully as strong as that in the case of *S. v. Alston*, 183 N. C., 735, where a similar conviction was sustained.

No error.